```
UNITED STATES DISTRICT COURT FOR THE
   WESTERN DISTRICT OF NORTH CAROLINA
            CHARLOTTE DIVISION
              3:98CR7-02-MU
```

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>    Plaintiff,                  )<br>                                 )<br>      v.                      )<br>                                 )<br>MARION PROMISE,             )<br>    Defendant.               )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the defendant's "Petition For Relief Pursuant To Rule 60(b), Federal Rules Of Civil Procedure Regarding Mistake, Inadvertence As Applied To The Denial Of Petitioner's 2255," filed May 13, 2005.

By the instant Motion, the defendant essentially contends that the Court erred in denying his Motion for an extension of time in which to file a Motion to Vacate under 28 U.S.C. §2255. Suffice it to say, however, the instant so-called Rule 60(b) Motion must be denied.

That is, as the defendant concedes, and the record of this matter clearly reflects, the deadline by which the defendant could have filed his Motion to Vacate already had expired by the time that he sought an extension for filing that Motion. As the defendant was advised by the September 11, 2003 Order of denial, this Court simply does not have authority to extend the filing

deadline for a Motion to Vacate.

Moreover, the defendant has failed to articulate a reason for the Court to equitably toll his filing deadline on the basis of his allegation that he was subjected to ineffective assistance of counsel by virtue of his former attorney's failure to file a Motion to Vacate for him. Indeed, inasmuch as there is no constitutional requirement that individuals be represented by counsel in collateral proceedings such as a Motion to Vacate, the defendant simply cannot demonstrate any prejudice by this allegation.

Finally, it has not escaped the Court's attention that the defendant has filed this civil Motion seeking relief in his closed criminal case. Obviously, this tactic cannot succeed in any event. Accordingly, the defendant's Motion for Relief Pursuant to Rule 60(b) is **DENIED.**

**SO ORDERED.**

**Signed: June 20, 2005**

Graham C. Mullen
Chief United States District Judge