# United States District Court
# For The Western District of North Carolina
# Charlotte Division

Marion Promise,

    Plaintiff(s),　　　　　　　　　　JUDGMENT IN A CIVIL CASE

vs.　　　　　　　　　　　　　　　　　3-05-cv-278-1

USA,

    Defendant(s).


DECISION BY COURT. This action having come before the Court by motion and a decision having been rendered;

IT IS ORDERED AND ADJUDGED that Judgment is hereby entered in accordance with the Court's 7/7/05 Order.



**Signed: July 8, 2005**

_____
Frank G. Johns, Clerk
United States District Court

Case 3:05-cv-00278    Document 3-1    Filed 07/08/2005    Page 2 of 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05CV278-1-MU

| | |
|---|---|
| MARION PROMISE, )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed June 9, 2005.

Petitioner was charged in a single count indictment with conspiring to possess with the intent to distribute a quantity of cocaine and cocaine base. On September 23, 1999, after a trial by jury, this Court sentenced Petitioner to 360 months imprisonment. On October 1, 1999, Petitioner appealed his sentence and conviction to the United States Court of Appeals for the Fourth Circuit. On rehearing en banc, the Fourth Circuit held that while the district court committed <u>Apprendi</u> error, the Court would decline to notice the error given the overwhelming and uncontroverted evidence that Petitioner did in fact possess the amount attributed to him by the district court. <u>United States v. Promise</u>, 255 F.3d 150 (4th Cir. 2001). On May 28, 2002, the Supreme Court denied Petitioner's Petition for Writ of Certiorari.

On July 9, 2003, Petitioner filed a Motion to Request Enlargement of Time to File

**DOCUMENT SCANNED**

28 U.S.C. § 2255 Motion. In support of his request, Petitioner informed the Court that he had believed that the attorney who handled his appeal was going to file his § 2255 motion. In addition, asserted that he had never been informed that his petition for writ of certiorari had been denied. On September 12, 2003, this Court denied Petitioner's Motion holding that it lacked jurisdiction to extend AEDPA's limitation period because no case or controversy existed.

On December 3, 2003, Petitioner filed a motion for leave to file a belated appeal of the denial of his Motion to Request an Enlargement of Time to file a 28 U.S.C. § 2255 Motion. This Court denied Petitioner's motion because it lacked the authority to grant such an extension. Petitioner appealed this ruling and on October 28, 2004, the United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal.

Undeterred, on May 13, 2005, Petitioner filed a Petition for Relief Pursuant to Rule 60(b) asserting that this Court erred in denying his motion for an extension of time in which to file a Motion to Vacate. On June 20, 2005, this Court denied Petitioner's Rule 60(b) motion.

Petitioner has now filed the instant Motion to Vacate, Set Aside, or Correct Sentence asserting twelve separate grounds for why his sentence and conviction are unconstitutional.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) a one year statute of limitations applies to motions to vacate. 28 U.S.C. § 2255. Because the instant Motion to Vacate was filed over three years after Petitioner's sentence and conviction became final, it appears to be untimely. The ultimate timeliness of Petitioner's motion to vacate thus turns on whether Petitioner's limitation period was tolled.

Petitioner has, on at least two prior occasions[1] presented facts to the Court in support of his belief that he should be allowed to file an untimely motion to vacate.[2] In his Motion to Extend Petitioner alleged that he had not received notice that his writ of certiorari had been denied until approximately May 28, 2003. Petitioner further asserted that during the appeals process his attorney told him that he would file a motion to vacate on his behalf but that on June 9, 2003, his attorney's legal assistant informed him that his attorney had decided not to file a 2255 motion on his behalf.

Without deciding the credibility of Petitioner's assertions, at a minimum, Petitioner admits that by June 9, 2003, he knew that the Supreme Court had ruled on his certiorari petition and that his attorney had not filed a motion to vacate on his behalf. Nevertheless he did not file a motion to vacate until three years later.

The United States Court of Appeals for the Fourth Circuit when analyzing AEDPA's limitation period and the concept of equitable tolling has stated that "any invocation of

---

[1] In his Motion to Request Enlargement of time to File 28 U.S.C. § 2255 motion and in his Petition for Relief Pursuant to Rule 60(b) Petitioner presented facts to support his contention that he should be allowed to file a motion to vacate over one year after his conviction became final.

[2] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In that case, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se petition to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." The Hill court based the notice requirement on the fact that it would seldom be evident from the face of the habeas motion itself that the petitioner was not entitled to relief. Moreover, the Fourth Circuit noted that because the statute of limitations is an affirmative defense a habeas petitioner is not likely to plead detailed facts to refute this defense. Given the fact that there has been extensive litigation concerning the timeliness of Petitioner's § 2255 motion and the fact that Petitioner's criminal case records are available to this Court, this Court concludes that it need not provide Petitioner with any additional notice in this matter.

equity to relieve the strict application of a statute of limitations must be guarded and infrequent lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." See Harris v. Hutchinson, 209 F.3dd 325, 330 (4th Cir. 2000). That is, equitable tolling is "reserved for those rare instances where - due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. at 330.

Petitioner has not presented any facts that would satisfy the above criteria. First, there is no right to counsel in collateral proceedings. See Crowe v. United States, 175 F.2d 799 (4th Cir. 1949), cert. denied, 338 U.S. 950 (1950). Consequently, his counsel was not constitutionally ineffective for failing to file a collateral appeal. Moreover, even if earlier conduct could serve to toll Petitioner's limitation period, Petitioner waited over three years to file a motion to vacate even when he was aware of the pertinent facts.

Nor did Petitioner's ongoing litigation detailed above cause his limitation period under AEDPA to be tolled. See, e.g., United States v. Sanders, 247 F.3d 139 (4th Cir. 2001)(Rule 35(b) does not operate to prevent convictions from becoming final for § 2255 purposes); United States v. Prescott, 221 F.3d 686 (4th Cir. 2000)(Rule 33 motion does not operate to toll AEDPA's limitation period). That is it makes no logical sense that litigating the right to extend AEDPA's limitation period and not prevailing could somehow serve on its own to extend AEDPA's limitation period.

Based upon the above, this Court holds that Petitioner's time period for filing a Motion to Vacate was not equitably tolled so as to permit him to file a timely motion to vacate on June 9, 2005.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Vacate, Set Aside,

or Correct Sentence is **DISMISSED**.

**Signed: July 7, 2005**

Graham C. Mullen
Chief United States District Judge